RECORDER'S COURT—CITY OF COHOES,

Aug. 21, 1914.

## CITY OF COHOES v. NICHOLAS VALENTE.

(1.) VIOLATION OF CITY ORDINANCE—PEDDLERS' LICENSE.

Where a baker residing in another city, having no place of business in Cohoes—delivered bread from his wagon in that city—he violates the ordinance requiring a license to be taken out by peddlers.

(2.) SAME.

Held, that the special grant of power to enact ordinances, to prevent hawking and peddling in any of the public streets, ways or places in the city of Cohoes, or offering and exposing for sale in any of the streets, ways or places, or from dwelling to dwelling in said city of Cohoes of goods, without first obtaining a license therefor, is sufficient to authorize the adoption of an ordinance forbidding the peddling of bread from dwelling to dwelling without a license.

*Edward A. Mealey, City Attorney,* for the City.

*E. Raymond Shepard,* for the defendant.

PER CURIAM:

The defendant is charged with a violation of an ordinance passed by the Common Council of the City of Cohoes.

The specific charge against him is embodied in the information herein and is as follows:

" That on the 9th day of July, 1914, in said City of Cohoes, one Nicholas Valente did willfully and unlawfully violate section 1 and 2 of Chapter II of the laws and ordinances of said City of Cohoes, duly passed by the Common Council of said City on the 2nd day of June, 1908, and the acts amendatory

thereto, in that said Nicholas Valente did on the date first aforesaid willfully, unlawfully and in violation of said by-law and ordinance offer and expose for sale from dwelling to dwelling, bread sold and delivered from a wagon without having duly obtained a license therefor."

The ordinance in question is as follows:

" Section 1—No person, persons, corporation or corporations shall hawk, or peddle in any of the public streets, ways or places in the City of Cohoes, nor offer and expose for sale in any of such streets, ways or places, or from dwelling to dwelling in said city any goods, wares, merchandise, meats, bread, fish and vegetables, teas, coffees, cake, or pies without first having obtained a license therefor.

" Section 2—This ordinance shall apply to every person, persons, corporation or corporations, hawking or peddling, or offering and exposing for sale there or its goods, wares, merchandise, meats, bread, fish and vegetables, teas, coffees, cake, or pies in any of the public streets, ways or places of the city of Cohoes and from dwelling to dwelling in said city. But this ordinance shall not apply to any person selling or delivering milk in said city, nor to any person selling or delivering in said city vegetables or farm produce raised by such person upon land owned or leased by him."

The testimony shows, and I find as matters of fact herein, that defendant is a baker, residing in the City of Troy, where he baked bread and brought it to Cohoes in a wagon for sale to customers. He has no place of business here. His course of business was to fill a basket with bread from the wagon, which went along in the street, go to the houses of his customers, be told the number of loaves wanted, immediately deliver the same and charge them in his account book, the customers paying therefor, weekly or otherwise as agreed. The testimony shows no sales in the street. It is conceded that defendant had no license.

I do not believe the story of the defendant that he took orders one day for delivery the next, for the reason among other things, that his story as to that particular was so shaken on cross-examination as to destroy its value as evidence.

To the most casual observer, it is apparent that there has been proved a violation as charged in the information of said ordinance as enacted.

The defendant, however, attacks the ordinance in two ways. First, by preliminary objection, that the said ordinance is invalid for two reasons, one, that the license fee ($25) is excessive, and the other, that the imposition thereof is in the nature of a tax; and, secondly, that said ordinance is invalid for the reason that it is " Ultra viree."

An examination of the case of the Village of Ballston Spa vs. Markham, 58 Hun, 239, will show the preliminary objection to be of no weight `and such objection is therefor overruled.

The second objection to the enforcement of this ordinance is, in brief, that the Common Council has been given authority to license, hawking, peddling and selling in the streets only, and none whatever to regulate the same, from dwelling to dwelling therein. The section of the Charter conferring such power is as follows:—

Sec. 16. " To regulate and license auction stores and sales in said city, and hawking, peddling and sales in the streets thereof, and to regulate and license pawn brokers."

If this section contained all the power conferred by the Legislature upon the Common Council to pass ordinances, it would be a very grave question whether the City had by the passage of the ordinance in question, exceeded its powers, but additional powers are conferred as follows:—

Sub. 2, Sec. 7, Title IV of the Charter provides as follows:—

" To make such ordinances and regulations as it may deem proper to protect the inhabitants of said City in their persons and property, suppress disorderly assemblages, preserve peace

and good order, and promote the welfare and good government of the City, etc., etc."

Sec. 8, Title IV.  " For any or either of the purposes mentioned in the last section, or for the purpose of executing any power conferred upon the Common Council or upon the City by this act or otherwise, the Common Council shall have full power to make, establish, publish, modify, amend or repeal ordinances, rules, regulations, by-laws and resolutions and to fix the time of their taking effect, and to prescribe and enforce penalties and fines as it may deem proper for their violation etc., etc."

In the case of the Village of Carthage, 122 N. Y. 268, the defendant was sued to collect the penalty for a violation of a city ordinance as to the removal of snow and ice from the sidewalks of said Village.  The Village Trustees were authorized by the act of incorporation to enact ordinances for various purposes, among other things to prevent incumbering the sidewalks with any substance or material whatever, to provide for keeping them clear from snow, ice, dirt and other obstructions.

In addition to this specific power, there was a clause in said act conferring general authority to pass such ordinances, not inconsistent with the laws of the United States and of this State, as may be necessary and proper for carrying into effect the purposes of said corporation, and the powers and privileges granted by said act and not inconsistent therewith and for the enforcement of such by-laws, ordinances, rules and regulations, they were authorized to prescribe penalties for violations therefor.

The Court in sustaining the validity of this ordinance said, page 272:——

" We think that the special grant of power to enact ordinances to prevent incumbrances upon the sidewalks and to provide for keeping them free from snow, *when considered in con-*

*nection with the general grant of power to pass all such ordinances* as are necessary for carrying into effect the purposes of the corporation and the powers conferred by the charter, is sufficient to authorize the adoption of the ordinance in question."

Following this decision and paraphrasing the language of the Court, I am of the opinion—

That the special grant of power to enact ordinances to prevent hawking and peddling in any of the public streets, ways or places in the City of Cohoes, or offering and exposing for sale in any of the streets, ways or places, or from dwelling to dwelling in said City of Cohoes of goods, without first obtaining a license therefor, when considered in connection with the general grant of power above set forth, is sufficient to authorize the adoption of the ordinance in question.

The validity of the ordinance is therefore sustained, the defendant adjudged guilty of a violation thereof, and a fine of $15 is imposed.